# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KENNETH CLARK,<br><br>      Plaintiff,<br><br>      v.<br><br>WARDEN KILPATRICK; DEPUTY WARDEN SMITH; DEPUTY WARDEN CLARK; UNIT MANAGER WEST; LIEUTENANT WHITFIELD; SERGEANT JOHNSON; SERGEANT WAYCASTLE; and SERGEANT KELLY,<br><br>      Defendants. | CIVIL ACTION NO.: 6:18-cv-68 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, while incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Docs. 1, 9. For the reasons stated below, I **RECOMMEND** the Court **DISMISS without prejudice** this action, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1] For these same reasons, I **DENY as moot** Plaintiff's Motion for Extension of Time, doc. 6.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below,

## BACKGROUND[2]

Plaintiff contends, among other things, that after his transfer to Smith State Prison in April 2018, prison officials did not place him in protective custody as required but instead put him in close proximity with other inmates. Doc. 1 at 2; Doc. 9 at 10. After Plaintiff protested, prison officials forced him to remain in a shower stall for 25 hours, in violation of his Eighth Amendment rights. Doc. 9 at 14. Plaintiff filed a grievance with the prison on May 15, 2018. Id. at 3. However, the warden never responded to Plaintiff's grievance, and Plaintiff did not appeal. Id. at 7. Finally, Plaintiff asks the Court to grant an extension of time to obtain the warden's response to his grievance and various other documents and forms. Doc. 6; Doc. 24.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to

---

Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will conduct a *de novo* review of properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Whether Plaintiff Exhausted Available Administrative Remedies

Under the Prison Litigation Reform Act, an incarcerated individual must exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007). Requiring prisoners to first utilize the prison's grievance policy before bringing suit "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before . . . the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006); Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Exhaustion is a mandatory requirement which cannot be waived by courts. Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Porter v. Nussle, 534 U.S. 516, 524 (2002).

Though exhaustion is considered an affirmative defense, when the face of the pleadings clearly show the plaintiff failed to exhaust all administrative remedies, courts may dismiss the complaint *sua sponte*. Jones, 549 U.S. at 214–16; Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Malcolm v. Doe, No. 6:18-CV-24, 2018 WL 2108108, at *4 (S.D. Ga. Mar. 19, 2018); Ansell v. Crews, No. 4:13CV454, 2014 WL 3748207, at *2 (N.D. Fla. July 30, 2014); Cole v. Ellis, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91. Prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson, 418 F.3d at 1157)); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (finding an inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement); see also Malcolm, 2018 WL 2108108, at *3 (dismissing a complaint for failure to exhaust administrative remedies when prison officials never responded to the grievance and the petitioner failed to appeal the responded-to grievance after the time to respond passed); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (holding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies). The policies of the particular institution determine what is necessary to fully exhaust all administrative remedies. Jones, 549 U.S. at 218.

"Georgia's prison grievance procedures are set out in a standard operating procedure." Whatley v. Warden (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015); see also Whatley v.

Smith (Whatley II), 898 F.3d 1072, 1074 (11th Cir. 2018) ("To exhaust administrative remedies under the Georgia Department of Corrections Standard Operating Procedures ("SOP"), inmates must follow the . . . prison grievance process outlined in SOP IIB05-0001."); Turner v. Burnside, 541 F.3d 1077, 1080–81 (11th Cir. 2008). SOP IIB05-0001 applies to all inmates in Georgia Department of Corrections' ("GDC") facilities, including Smith State Prison. Gill v. Deal, No. 5:18-CV-50, 2018 WL 3650269, at *4 (S.D. Ga. Aug. 1, 2018).

The prisoner must file a grievance within 10 days of becoming aware of the facts from which the grievance arises. Whatley II, 898 F.3d at 1075; Shaw v. Toole, No. 6:14-CV-48, 2015 WL 4529817, at *5 (S.D. Ga. July 27, 2015). The grievance is screened by a grievance counselor, who determines whether to accept the grievance for processing. Shaw, 2015 WL 4529817, at *5. If the grievance is accepted for processing, the warden has 40 days to review the grievance and determine whether to grant or deny the grievance. Id. The warden may receive a one-time, 10-day extension, but the inmate must be notified of the extension in writing before the end of the 40-day period. Id. If a grievance goes unanswered, the inmate may appeal the non-response after the warden's time to answer expires. Id. ("An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or when the time allowed for the warden's decision has expired."); see also Whatley I, 802 F.3d at 1208 ("If the warden does not respond within forty days . . . the prisoner may appeal[.]"); Malcolm, 2018 WL 2108108, at *3.

Plaintiff's Complaint should be dismissed because it is apparent from the face of the Complaint that he did not exhaust all available administrative remedies available to him prior to filing this lawsuit. Though Plaintiff has since been released from prison, doc. 24, he is still

6

required to exhaust all administrative remedies because he began the lawsuit while incarcerated. Napier, 314 F.3d at 532 ("[T]he PLRA applies to all cases *initiated* by a prisoner, without regard to whether that prisoner was released before the court considered the merits of his action." (citing Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000))). While incarcerated, Plaintiff did file an initial grievance, but he claims that the warden "refuses to respond" and "this grievance is out of time for response." Doc. 9 at 3. Under GDC policy, if an incarcerated individual receives no response to a formal grievance, the proper remedy is to file an administrative appeal. Plaintiff admits he did not file an appeal after the time for the warden's response expired. Id. at 7. Thus, Plaintiff failed to exhaust all administrative remedies prior to filing his Complaint, and his Complaint should be dismissed as a result.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

[3]     A certificate of appealability is not required in this § 1983 action.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 4:07-CV-085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. For these same reasons, I **DENY as moot** Plaintiff's Motion for Extension of Time.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of January, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA